Dear Ms. Sprinkle:
As Chief Administrator of Marksville City Court/Ward 2, and pursuant to your request, you have formally requested an Attorney General Opinion on whether the Ward Marshal for the City Court can execute old and outstanding warrants in which the local police and sheriff department were unsuccessful in executing? And if so, can the Ward Marshal be paid additional expenses commensurate with his efforts from the ultimate recovery of fines pursuant to LSA-C.Cr.P. art. 895.1(B)(3) and how may the expenses be properly allowed and paid to Ward Marshal?
Pursuant to LSA-C.Cr.P. art. 895.1 (B)(3), "When a court suspends the imposition or the execution of a sentence and places the defendant on probation, it may in its discretion, order placed, as a condition of probation, an amount of money to be paid by the defendant to any or all of the following:"
(3) To the sheriff and clerk of court for costs incurred.
Pursuant to this statute, monies paid by the defendant are to be collected by either: the Sheriff, the Clerk of Court, or both. However, under the circumstances you proposed, the Ward Marshal may be reimbursed if the Sheriff and the Ward Marshal enter into an inter-governmental agreement, which both have the authority to enter into, whereby the Sheriff has the authority to reimburse the Ward Marshal for the expenses described above. *Page 2 
If our office can be of further assistance, please do not hesitate to contact us.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ MARTY WHITE ASSISTANT ATTORNEY GENERAL